IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 19, 2006 Session

## STATE OF TENNESSEE v. THOMAS EDWARD HOGUE

**Appeal from the Criminal Court for Davidson County**
**No. 99-B-823    J. Randall Wyatt, Judge**

_____

**No. M2005-02874-CCA-R3-CD - Filed February 28, 2007**

_____

Before the court is petitioner Thomas Edward Hogue's appeal from the Davidson County Criminal Court's dismissal of his October 2005 "Petition to Set Aside Guilty Plea and to Issue a Writ of Error Coram Nobis." Based upon an untimely filing of the petition, we affirm the order of dismissal.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Paul J. Bruno, Nashville, Tennessee, for the Appellant, Thomas Edward Hogue.

Robert E. Cooper, Jr., Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Lisa Naylor, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The petition under review alleged that the petitioner was arrested on December 4, 1998, for the September 25, 1998 rape and sexual battery of a 16-year-old victim, was indicted for both offenses on April 23, 1999, and pursuant to a plea agreement that called for dismissal of the rape count, pleaded guilty to sexual battery on July 22, 1999, and accepted a mostly suspended three-year sentence. The charges were based upon allegations that, on September 25, 1998, the victim awoke to find the defendant, her cousin, in bed with her with his mouth on her nipple and his finger in her vagina.

The petition alleges that, on June 27, 2005, the victim stated in writing and under oath that the investigatory statements attributed to her were false and that the defendant neither penetrated nor sexually assaulted her on September 25, 1998. In the 2005 statement, the victim speculated that the false 1998 accusations were attributed to her by her mother, who was angry with the petitioner

at the time. She averred in the 2005 statement that her mother "was a crack head" and had a history of falsely charging people with crimes.

In a separate sworn statement appended to the petition, the petitioner stated that neither he nor his counsel were permitted to interview the victim prior to the submission of the guilty plea and that, had he known that the victim would have testified truthfully had he gone to trial, he would not have pleaded guilty.

Based upon the victim's 2005 sworn refutation of the1998 allegations of sexual battery and rape, the petitioner sought to vacate his conviction via a writ of error *coram nobis* and to withdraw his guilty plea. The petitioner, represented by retained counsel, sought a hearing on his claims.

On November 28, 2005, the criminal court entered its written factual findings and legal conclusions. Notably, the court found that the petition was filed "over six (6) years after the judgment of conviction became final" and determined that, either as a Tennessee Rule of Criminal Procedure 32(f) petition to withdraw the guilty plea or as a petition for post-conviction relief, the petition was untimely. As to the claim to *coram nobis* relief, the court found that the State properly raised the bar of the statute of limitations. The court held that the petition for the writ of error *coram nobis* was "time barred as filed outside the one year statute of limitations, and no due process grounds exist[ed] that require the tolling of the statute . . . ." The court, opining further that a hearing on the merits of the petition was "not warranted," dismissed the petition.

The petitioner filed a timely notice of appeal. He claims that the trial court erred in denying a hearing and in applying time bars to both prongs of the petition.

First, we address the petitioner's claim to a writ of error *coram nobis*. The availability of the writ is addressed by statute in Tennessee. This statute provides, in pertinent part:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error [*coram nobis*] will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

T.C.A. § 40-26-105 (2000).

The discovery of recanted *testimony* may become the basis for relief when:

-2-

> (1) the trial judge is reasonably well satisfied that the testimony given by a material witness was false and that the new testimony is true; 2) the defendant was reasonably diligent in discovering the new evidence or surprised by false testimony, or unable to know of the falsity until after the trial; and 3) the jury might have reached a different conclusion had the truth been told.

*State v. Mixon*, 983 S.W.2d 661, 666, 672-73 (Tenn. 1999) (approving standard for reviewing claims of recanted testimony as utilized by court of criminal appeals).

"The writ of error [*coram nobis*] may be had within one (1) year after the judgment becomes final by petition presented to the judge at chambers or in open court, who may order it to operate as a supersedeas or not." *Id.* § 27-7-103 (2000); *see Mixon*, 983 S.W.2d at 670 (holding that a petition for a writ of error *coram nobis* is untimely unless it is brought within one year of the entry of the trial court's "final," or last, order; the time for filing is not extended by the pursuit of a timely direct appeal). Principles of due process of law, however, may preclude the use of the statute of limitations to bar a claim in *coram nobis*. *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001). "'[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.'" *Id.* (quoting *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992)). Thus, principles of due process may intercede when, "under the circumstances of a particular case, application of the statute [of limitations] may not afford a reasonable opportunity to have the claimed issue heard and decided." *Burford*, 845 S.W.2d at 208; *see also Freshwater v . State*, 160 S.W.3d 548, 556 (Tenn. Crim. App. 2004).

In the present case, the one-year statute of limitations expired in 2000. Accordingly, the claim for a writ of error *coram nobis* is barred unless the petitioner was not afforded a reasonable opportunity to present the claim before the limitations period ran.

In the petition, the petitioner's only explanation for the late filing is that he "only recently became aware that the alleged victim would come forward with the truth in this case," and in his affidavit attached to the petition, the petitioner stated only that he "recently discovered that the alleged victim . . . would have truthfully testified at trial." Although it may not be the role of the petition to *prove* a claim to a due-process override of the statute of limitations, the petition should at least articulate why principles of due process should prevail and allege how a due process claim would be proven. In the present case, the petitioner does not articulate how or when the recantation came to light.[1] We note that the victim was approximately 23 years of age when she made the 2005 statement. She had been an adult for approximately five years; yet, the petition fails to speak to how and why the victim was prompted to give the new statement or when the prompting occurred. In

---

[1] We use the term "recant" because the victim's 2005 statement refutes the statements attributed to her in 1998. In actuality, however, the import of the 2005 statement is not to recant her 1998 "statement" but to deny that she ever made such prior statements.

short, we fail to see how the petition stated a viable cause of action in *coram nobis*, given that by the petition's terms, the statute of limitations had expired. Thus, we hold that the criminal court did not err in dismissing the *coram nobis* claim without a hearing. *See State v. Richard Hale Austin*, No. W2005-02591-CCA-R3-CO, slip op. at 10 (Tenn. Crim. App., Jackson, Dec.13, 2006) (affirming the denial of a *coram nobis* hearing and the appointment of counsel when the petition did not "state a claim for *coram nobis* relief"). Furthermore, because the presentation of the claim is barred, we need not address whether it is otherwise apt for *coram nobis* consideration.

Next, we review the petitioner's claim that he should be allowed to withdraw his guilty plea. The withdrawal of a guilty plea is governed by Tennessee Rule of Criminal Procedure 32(f):

> (1) Before Sentence Imposed. Before sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason.
>
> (2) After Sentence But Before Judgment Final. After sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice.

Tenn. R. Crim. P. 32(f). This court has recognized that the opportunities for withdrawing a guilty plea are "applicable only until the judgment has become final." *State v. Antonio Demonte Lyons*, No. 01C01-9508-CR-00263, slip op. at 13 (Tenn. Crim. App., Nashville, Aug. 15, 1997). Once the judgment becomes final, the convicted person is relegated to the Post-Conviction Procedure Act, *see* T.C.A. §§ 40-30-101 through 313 (2003 & Supp. 2005), as a means of challenging his or her guilty plea. *Antonio Demonte Lyons*, slip op. at 13. This latter exercise entails a claim that the guilty plea was not entered voluntarily, intelligently, and knowingly or was obtained through the abridgment of some other constitutional right, such as the right to the effective assistance of counsel. *Id.*, slip op. at 13-14.

Thus, in the present case, the motion to withdraw the guilty plea was not cognizable pursuant to Rule 32(f), and the claim was barred as a post-conviction claim because it was filed after the running of the one-year post-conviction statute of limitations. *See* T.C.A. § 40-30-102 (2003).

In view of the foregoing analysis, the order of the criminal court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-4-